UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21431-CIV-LENARD/TURNOFF

LEONARD SIMKOVITZ,

       Plaintiff,

vs.

JETRAN INTERNATIONAL, LTD., a Texas
limited partnership, and JETRAN, LLC, a
Texas limited liability company, as
General Partner of JETRAN
INTERNATIONAL, LTD.,

       Defendants.

_____/

## TWENTY-ONE DAY NOTICE OF CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on a **Defendants'** Motion for Summary Judgment [D.E. 51], filed January 14, 2011. Based on the Court's review of the Motion and the record in this case, it is

ORDERED AND ADJUDGED that:

(1)    The Court will take the Motion for Summary Judgment, all materials in support, and all materials in opposition under advisement no sooner than twenty-one (21) days from the date of this Order. The Court provides this Notice pursuant to Federal Rule of Civil Procedure 56(c). See also Restigouch v. Town of Jupiter, 59 F.3d 1208, 1213 (11th Cir.1995); Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987); Milburn v. United States, 734 F.2d 762, 765 (11th Cir.1987).

(2)    The opposing party's memorandum in opposition to the Motion for Summary Judgment shall be filed within fourteen (14) days after the motion is served or a responsive pleading is due, whichever is later. If the Movant so desires, the Movant may file a reply to the opposition within seven (7) days after the opposition has been filed.

Case No. 10-21431-CIV-LENARD/TURNOFF

(3)    Additionally, under the Local Rules, party opposing a motion for summary judgment must file a "concise statement of material facts as to which it is contended that there exists a genuine issue to be tried."  S.D. FLA.L.R. 7.5(C).  All material facts set forth in the moving party's statement of material facts that are <u>not</u> specifically controverted by the statement of the opposing party's will be deemed admitted.  S.D. FLA.L.R. 7.5(D).

Accordingly, in order to ensure the fair application of Local Rule 7.5(D) and to guarantee that no fact is deemed admitted without the opposing party's intention to do so, the opposing party is hereby instructed to file a Statement of Material Facts in Dispute that satisfies the following requirements.

First, the Statement should correspond, on a paragraph by paragraph basis, with the moving party's statement of undisputed material facts. Specifically, the opposing party shall state, for each of the moving party's numbered paragraphs, whether the facts alleged therein are disputed or undisputed.

Second, if a fact is identified as disputed, the opposing party shall cite to the record in support hereof, <u>e.g.</u> to specific depositions, interrogatory answers, admissions, affidavits, or other evidence on file with the Court.

Third, the opposing party shall also concisely state why the dispute is material.

Fourth, if opposing party wishes to raise disputed facts not included in the moving party's statement of undisputed material facts, those facts shall be stated by the opposing party in numbered paragraphs at the end of the Statement of Material Facts in Dispute and shall also be supported by specific citation to the record.

(4)    Within fifteen (15) days of the date of this Order, the moving party shall file with

-2-

Case No. 10-21431-CIV-LENARD/TURNOFF

the Court a complete and full copy of the transcript of any deposition cited in the party's motion or statement of undisputed material facts, if the transcript has not already been filed in the docket of this action.

Within fifteen (15) days of filing its memorandum in opposition and Statement of Material Facts in Dispute, the opposing party shall file with the Court a complete and full copy of the transcript of any deposition cited in the party's motion or statement of undisputed material facts, if the transcript has not already been filed in the docket of this action.

(5)     Plaintiff and Defendant may file sworn affidavits or other admissible material in support of their positions.

The Court notes that a party's failure to respond adequately to this Notice and the Motion may result in a final judgment adverse to the opposing party being entered without the benefit of trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of January, 2011.



**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:     Magistrate Judge William C. Turnoff
                         Counsel of record