UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:10-cv-21431-LENARD/TURNOFF

LEONARD SIMKOVITZ, :

        Plaintiff, :

v. :

JETRAN INTERNATIONAL, LTD., et al :

        Defendants. :
_____ :

### AFFIDAVIT OF LEONARD SIMKOVITZ

COUNTY OF MIAMI-DADE )
                            ) SS
STATE OF FLORIDA       )

        BEFORE ME, the undersigned authority, personally appeared Leonard Simkovitz, who, upon his oath, deposes and says:

        1.      I am the plaintiff in the above-entitled action.

        2.      I have personal knowledge of all of the facts set forth in this affidavit.

        3.      This affidavit is submitted in opposition to Defendants' Motion for Summary Judgment dated January 14, 2011 (Doc. # 51).

        4.      The Commission Agreement, DE027, was drawn up by M.D. Jaffe, Jr., in my presence at the offices of Jetran International in Miami, Florida, on June 23, 2003, immediately before it was signed by both Mr. Jaffe and myself. There was no discussion of a "monetary sale" and I understood that the commission would be payable upon any sale, irrespective of the form of consideration.

        5.      I have been employed in the aviation industry since 1967, and I have been en-

gaged in the purchase, sale and exchange of used commercial transport category aircraft since 1978 through the present time. I estimate that I have engaged in more than three hundred (300) such transactions involving aircraft such as Boeing 707, 727 and 737 airliners and Douglas DC6, DC7, DC8, DC9, MD82 and MD83 airliners and others. I consider myself an expert in appraising the values of such aircraft and in determining the market for them.

6. Based on my personal inspection of the Boeing 707 involved in this lawsuit, Serial No. 21368, ("21368") and further based on the report of Larry Leech dated November 18, 2002, DE002, I determined that 21368 was exceptionally clean and marketable and worth many times the purchase price set by its owner, Saudi Arabian Airlines. It is my opinion that 21368 had a marketable value of at least $6,000,000 in June 2005. This was based not only on the exceptional condition of the aircraft, but also on the fact that it had a cargo door and installed APU.

7. As I understood the Commission Agreement, DE027, Jetran's transfer of 21368 to Alameda Corporation on May 7, 2003, was merely an assignment of ownership rights to a trustee, which would not trigger the payment of a commission.

8. In my opinion, the transfer of 21368 to Omega Air, Inc., in May 2005, was a "sale" for which I am entitled to receive a 3% commission under the Commission Agreement. The mere fact that the conveyance of 21368 may have involved a "swap" does not change this fact. Swaps and other forms of effecting payment or partial payment are acceptable industry practices in the sale and conveyance of used transport category aircraft.

9. In addition, based on my knowledge of the condition and history of 21368, I am unconvinced that the agreement of February 24, 2005, contains a full recital of all of the consideration involved in the transaction.

10. I never received any commission or other payment arising out of the Commission Agreement, DE027. I specifically received no commission arising out of the sale of the spare engines or spare parts that Jetran obtained in connection with the acquisition of 21368.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Leonard Simkovitz

The foregoing instrument, consisting of six pages, including this page, was acknowledged before me this 27th day of January, 2011, by LEONARD SIMKOVITZ, who personally appeared before me at the time of notarization, and who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

NOTARY PUBLIC:

Sign _____
Print CARL H HOFFMAN

State of Florida at Large

Commission Number EE008265

My Commission Expires:



CARL H HOFFMAN
MY COMMISSION # EE008265
EXPIRES September 24, 2014
(407) 398-0153    FloridaNotaryService.com